1999-NMCA-033

975 P.2d 351

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Lucille RUEDA, Defendant–Appellee.**

**No. 18,396.**

Court of Appeals of New Mexico.

Dec. 16, 1998.

Certiorari Denied, No. 25,567,
March 2, 1999.

Tom Udall, Attorney General, Margaret McLean, Ass't Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Bruce Rogoff, Appellate Defender, Santa Fe, for Appellee.

## OPINION

DONNELLY, Judge.

{1} The State appeals from an order dismissing the habitual offender proceedings against Defendant, following her fifth felony conviction for shoplifting. The principal issue posed on appeal is whether the imposition of an enhanced sentence pursuant to the habitual offender statute, NMSA 1978, § 31–18–17 (1993), is so disproportionate as to offend Article II, Section 13 of the New Mexico State Constitution prohibiting cruel and unusual punishment. For the reasons discussed herein, we reverse.

FACTS AND PROCEDURAL POSTURE

DISCUSSION

{2} Defendant was arrested on January 27, 1995, and was charged with one count of shoplifting and one count of conspiracy to commit shoplifting, both fourth degree felonies. The value of the clothing involved in the shoplifting charge was $253, three dollars over the felony limit of $250. *See* NMSA 1978, § 30–16–20(B)(3) (1987). After a jury trial, Defendant was convicted on both charges. The trial court suspended execution of Defendant's sentence and placed her on supervised probation for eighteen months. Defendant appealed her convictions, and this Court affirmed the judgment and sentence in a memorandum opinion, No. 17,488 filed on September 12, 1996. The State filed a supplemental criminal information pursuant to the habitual offender statute, seeking to enhance Defendant's convictions pursuant to Section 31–18–17(D) by a period of eight years. The supplemental criminal information alleged that Defendant had been previously convicted of four prior felony convictions for shoplifting. Defendant's four prior convictions occurred in 1974, 1976, 1978, and 1987.

{3} Defendant filed a motion to dismiss the habitual offender proceedings, asserting that application of the habitual offender statute under the circumstances existing here violated her rights under the New Mexico State Constitution, Article II, Section 13 prohibiting the imposition of cruel and unusual punishment, and under Article II, Section 18 guaranteeing due process and equal protection of the law. Defendant also asserted that the use of the prior felony shoplifting convictions was "fundamentally unfair," citing Rule 11–609(B) NMRA 1998, the ten-year limitation on the introduction of evidence relating to an individual's prior felony convictions for impeachment purposes. Following a hearing on April 17, 1997, the trial court granted Defendant's motion to dismiss and found that "an eight-year prison term [was] so disproportionate as to offend the state constitutional proscription against cruel and unusual punishment." The State has pursued a timely appeal from the order of dismissal.

{4} The State argues that the trial court erroneously dismissed the habitual offender proceeding against Defendant, that the habitual offender statute is mandatory, and that the trial court erred in finding that an enhanced sentence would violate the prohibition against cruel and unusual punishment in conducting a proportionality review in a noncapital case. Defendant counters that even though the habitual offender statute has been held mandatory, nevertheless, under the particular facts of this case, it would be cruel and unusual punishment to impose a mandatory eight-year prison term on Defendant.

■ {5} Interpretation of statutory or constitutional provisions is a question of law, which we review de novo. *See State v. Cleve,* 1997–NMCA–113, ¶ 5, 124 N.M. 289, 949 P.2d 672, *cert. granted,* 124 N.M. 312, 950 P.2d 285 (1997) (No. 24,734); *State v. Madalena,* 121 N.M. 63, 69, 908 P.2d 756, 762 (Ct.App.1995).

■ {6} We begin our analysis by recognizing that the Legislature has the prerogative to establish the length of a criminal sentence. *See State v. Archibeque,* 95 N.M. 411, 411, 622 P.2d 1031, 1031 (1981) (life sentence for a commercial burglary by habitual offender held "not to constitute cruel and unusual punishment"); *State v. Harris,* 101 N.M. 12, 20–21, 677 P.2d 625, 633–34 (Ct. App.1984) ("the length of a sentence is a legislative prerogative, and ... absent a compelling reason, the judiciary shall not impose its own views concerning the appropriate punishment for crimes"); *State v. Augustus,* 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct.App. 1981) ("[I]t is an exceedingly rare case where a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel.").

{7} The habitual offender statute provides that "[a]ny person convicted of a noncapital felony ... who has incurred three or more prior felony convictions ... is a habitual offender and his basic sentence *shall be increased* by eight years, and the sentence imposed by this subsection *shall not be suspended or deferred.*" Section 31–18–17(D) (emphasis added).

{8} Defendant argued to the trial court and asserts on appeal that under the particular circumstances of this case, implementation of the mandatory enhancement required by the habitual offender statute violates this state's prohibition against cruel and unusual punishment embodied in Article II, Section 13 of the New Mexico State Constitution. Defendant rests this argument solely upon the provisions of Article II, Section 13 of our state constitution and makes no argument that her claim is viable under the federal counterpart proscribing cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution. A comparison of the language of the Eighth Amendment of the United States Constitution and Article II, Section 13 of the New Mexico State Constitution reveals that the two constitutional provisions relating to the prohibition against cruel and unusual punishment are nearly identical in their wording. Both declare in applicable part: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; N.M. Const. art. II, § 13.

{9} In *State v. Gomez*, 1997–NMSC–006, ¶ 20, 122 N.M. 777, 932 P.2d 1, our Supreme Court made it clear that certain provisions of the New Mexico State Constitution provide broader basic protections than corresponding provisions of the United States Constitution. The *Gomez* Court adopted an interstitial approach in determining whether a New Mexico constitutional provision may provide broader protection than a parallel federal constitutional provision. *See id.*

■ {10} The State argues that once prosecution is brought under the habitual offender statute, the mandatory terms of the enhanced sentence apply in all circumstances. We disagree. Although our Supreme Court has held that the provisions of the habitual offender statute are mandatory, *see State v. Davis*, 104 N.M. 229, 230, 719 P.2d 807, 808 (1986), not every sentence will withstand constitutional scrutiny if it is found

to contravene rights guaranteed under either the federal or state constitution. *See In re Ernesto M., Jr.*, 1996–NMCA–039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (reviewing whether sentencing child as adult pursuant to youthful offender statute constituted cruel and unusual punishment); *State v. Arrington*, 115 N.M. 559, 561, 855 P.2d 133, 135 (Ct.App. 1993) (*Arrington I* ) (holding a "mandatory sentence is still subject to constitutional scrutiny").[1] It is the province of the judiciary to review whether a sentence constitutes cruel and unusual punishment in violation of a constitutional provision. *See Solem v. Helm*, 463 U.S. 277, 290–92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), *overruled on other grounds by Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

{11} In *Arrington I* this Court explained that "it is possible for a trial court to determine at sentencing that a prison term would violate the prohibition against cruel and unusual punishment as applied to a particular defendant." 115 N.M. at 561, 855 P.2d at 135. Emphasizing the broader protections accorded under our state constitution, in *Gomez* our Supreme Court stated that it would find that the New Mexico State Constitution provided greater protection and would diverge from federal precedent where it found "a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics." 1997–NMSC–006, ¶ 19, 122 N.M. 777, 932 P.2d 1.

■ {12} The State vigorously asserts that proportionality review under both the Eighth Amendment to United States Constitution and Article II, Section 13 of the New Mexico State Constitution is restricted to capital cases. We find this argument unpersuasive. In *Solem* the United States Supreme Court adopted a proportionality analysis based on objective criteria to determine whether the sentence imposed was so disproportionate as to violate the Eighth Amendment. *See Solem*, 463 U.S. at 292, 103 S.Ct. 3001 (stating proportionality review under

---

1. In *State v. Arrington*, 120 N.M. 54, 897 P.2d 241 (Ct.App.1995) (*Arrington II* ), this Court upheld a subsequent commitment of the defendant to the New Mexico penitentiary for women

where evidence was presented that despite the defendant's medical condition, adequate medical care was currently available for the defendant.

the Eighth Amendment considers "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentence imposed for commission of the same crime in other jurisdictions"). More recently, the Supreme Court revisited the proportionality analysis applied in *Solem. See Harmelin*, 501 U.S. at 960–97, 111 S.Ct. 2680 (Scalia, J., plurality opinion). In *Harmelin* the prevailing majority was unable to agree concerning the appropriateness of conducting proportionality review in noncapital cases. In an attempt to clarify the decision in *Harmelin*, the Fifth Circuit Court of Appeals stated:

> By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem*, and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not. Only Justice Kennedy's opinion reflects that view. It is to his opinion, therefore, that we turn for direction. Accordingly, we will initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992); *see Harmelin*, 501 U.S. at 1004–06, 111 S.Ct. 2680 (Kennedy, J., plurality opinion).

{13} We reject the State's assertion that a defendant may not invoke a proportionality review under Article II, Section 13 of the New Mexico State Constitution.

{14} Federal and state jurisprudence recognize that "successful challenges to the proportionality of particular sentences" are, nonetheless, "exceedingly rare." *Harris*, 101 N.M. at 21, 677 P.2d at 634; *see also* Romualdo P. Eclavea, Annotation, *Imposition of Enhanced Sentence Under Recidivist Statute as Cruel and Unusual Punishment*, 27 A.L.R.Fed. 110 (1976). Although in *Arrington I* this Court held that the mandatory one-year enhanced sentence for a habitual offender constituted cruel and unusual punishment under Article II, Section 13, our holding was based not on the length of the sentence but was premised upon the defendant's particular medical condition and whether adequate medical care could be provided in the event of a life-threatening asthma attack. *See Arrington I*, 115 N.M. at 561, 855 P.2d at 135 ("The evidence was uncontroverted that incarceration would be life-threatening to Defendant and that adequate medical care would not be available to her in a correctional facility."). In *Harris* this Court held that the imposition of four, ten-year sentences as a habitual offender to be served consecutively where the defendant had been previously convicted of two burglaries and two larcenies did not violate the United States Constitution. *See Harris*, 101 N.M. at 21, 677 P.2d at 634.

{15} Courts in other jurisdictions have affirmed enhanced sentences under their respective state habitual offender statutes under factual situations similar to those shown here. *See, e.g., Cogburn v. State*, 473 So.2d 625, 627 (Ala.Crim.App.1985) (affirming fifteen-year sentence for shoplifting six jackets and one shirt); *Taylor v. State*, 511 N.E.2d 1036, 1039 (Ind.1987) (affirming lengthy sentence for theft of $50 worth of spark plugs).

{16} Although, as noted by Defendant, some of her prior shoplifting convictions were more than fifteen years old and the items of merchandise involved in the instant case were shown to have been recovered, we cannot say that an eight-year mandatory sentence, where Defendant has been found to have committed her fifth felony shoplifting offense, is so disproportionate as to "'shock the general conscience'" or "'violate principles of fundamental fairness.'" *In re Ernesto M., Jr.*, 1996–NMCA–039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (quoting *State v. Massey*, 60 Wash.App. 131, 803 P.2d 340, 348 (1990)). It is the Legislature's province to set penalties for crimes and only in exceptional circumstances will the court invade

this province. *See Harris*, 101 N.M. at 21, 677 P.2d at 634. The Legislature may properly determine whether an individual's fifth felony conviction warrants the imposition of an enhanced sentence for undeterred criminal conduct.

 {17} In *Rummel v. Estelle*, 445 U.S. 263, 284, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), the United States Supreme Court noted that the "primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." The *Rummel* Court further stated, "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Id.* at 285, 100 S.Ct. 1133. Similarly, our Supreme Court has recognized the legitimacy of the legislative purpose underlying the enactment of this state's habitual offender statutes. *See State v. Linam*, 93 N.M. 307, 309, 600 P.2d 253, 255 (1979) ("the increased penalty is held *in terrorem* over the [defendant] for the purpose of effecting his reformation and preventing further and subsequent offenses"); *see also State v. Baldonado*, 79 N.M. 175, 176, 441 P.2d 215, 216 (Ct.App.1968) (recognizing that habitual offender law is designed to protect society and to inhibit "repetition of criminal acts by individuals against the peace and dignity of the state"). Contrary to Defendant's argument, the age of her prior felony convictions does not vitiate the use of such convictions to enhance her current sentences. *See State v. Haddenham*, 110 N.M. 149, 157, 793 P.2d 279, 287 (Ct.App.1990) (holding "our habitual offender act does not limit enhancement to prior felony convictions within a certain time"). Nor has Defendant demonstrated how the State's invocation of the mandatory habitual offender statute under the circumstances existing here violates Article II, Section 18 of the New Mexico State Constitution so as to deprive her of due process of law.

*CONCLUSION*

{18} The order dismissing the supplemental criminal information is reversed and the cause is remanded with directions to reinstate the supplemental criminal information, and for further proceedings consistent herewith.

IT IS SO ORDERED.

HARTZ, C.J. and APODACA, J., concur.

1999-NMCA-027