This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO.   30,836

**HENRY RIVERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Defendant appeals from the district court's amended judgment and sentence, which resentenced Defendant for twenty-four felony crimes after this Court reversed his racketeering conviction in *State v. Rivera*, 2009-NMCA-132, 147 N.M. 406, 223 P.3d 951. On appeal, Defendant contends that the district court's refusal to reduce his prison term by nine years to reflect the reversal of his racketeering conviction constituted vindictiveness in violation of his right to due process. Defendant also argues that the prosecutor's statements that exaggerated the losses suffered by the victims at resentencing amounted to prosecutorial misconduct. Lastly, Defendant argues that because his sentence is so grossly disproportionate to his offenses, the punishment the district court imposed is unconstitutionally cruel and unusual. Defendant did not raise any of these arguments below, and we see no fundamental error. We, therefore, affirm.

**I.    DISCUSSION**

**A.    Preservation and Standard of Review**

{2}    As we have indicated, Defendant did not raise the objections in district court that he raises on appeal. "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. "While it is true that the issue of whether a sentence was authorized by statute is jurisdictional and may be raised for the first time on appeal, . . . this narrow exception

2

to the rules of preservation does not extend to all sentencing issues[.]" *State v. Wilson*, 2001-NMCA-032, ¶ 31, 130 N.M. 319, 24 P.3d 351 (citation omitted), *abrogated on other grounds by State v. Montoya*, 2005-NMCA-078, ¶ 11, 137 N.M. 713, 114 P.3d 343. There is no dispute that the district court imposed a sentence that was authorized by statute at resentencing. Because the district court's power to sentence is derived exclusively by statute, and because Defendant does not raise, and there is no basis for, a claim that Defendant's sentence was unauthorized by statute, Defendant's arguments on appeal that his sentence was illegally imposed are not jurisdictional challenges. *See State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747 ("A trial court's power to sentence is derived exclusively from statute.").

{3} "[A] non-jurisdictional claim not raised in the lower court is not properly reviewable on appeal." *State v. Trujillo*, 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814 (holding that the defendant's claim that his sentence constituted cruel and unusual punishment in violation of the federal and state constitutions was non-jurisdictional and had to be preserved for appellate review (internal quotation marks and citation omitted)); *see also Wilson*, 2001-NMCA-032, ¶¶ 30-33 (holding that the defendant had to preserve the argument that the district court improperly relied on her refusal to admit guilt as an aggravating circumstance to justify increasing in her basic

sentence); *State v. Jensen*, 1998-NMCA-034, ¶ 15, 124 N.M. 726, 955 P.2d 195 (holding that the defendant had to the preserve the claim that at resentencing the district court improperly considered letters, which the defendant considered to be ex parte communications). As our courts have explained, non-jurisdictional sentencing issues often present matters that are uniquely within the discretion of the sentencing court and should be presented to that court for its consideration and response prior to ruling. *See, e.g.*, *State v. Sosa*, 1996-NMSC-057, 122 N.M. 446, 448, 926 P.2d 299, 302 (requiring preservation of the defendant's claim that the district court's aggravation of his sentence violated his Fifth Amendment rights and explaining that "[w]e will not reverse the district court on a matter so uniquely within its discretion when the court was not given an opportunity to consider the issue and make an appropriate response prior to ruling").

{4}     Our preservation rules, however, do not "preclude the appellate court from considering . . ., in its discretion, questions involving . . . fundamental error." *Jensen*, 1998-NMCA-034, ¶ 16 (alterations in original) (internal quotation marks and citations omitted). In response to Defendant's allegation of prosecutorial misconduct, the State suggests that the fundamental error analysis has no place in sentencing proceedings, as opposed to trials, given the doctrine's references to guilt, innocence, and convictions. *See State v. Barber*, 2004-NMSC-019, ¶¶ 14-19, 135 N.M. 621, 92 P.3d

633. We are not persuaded. Our courts have applied the doctrine of fundamental error in the context of unpreserved allegations of error at sentencing. Importing similar language we use to review pre-sentencing error, our courts apply the fundamental error doctrine for unpreserved sentencing error "'only under exceptional circumstances and only to prevent a miscarriage of justice.'" *State v. Castillo*, 2011-NMCA-046, ¶ 29, 149 N.M. 536, 252 P.3d 760 (stating that the standard for fundamental error when addressing an unpreserved claim that the sentence constituted cruel and unusual punishment) (quoting *Barber*, 2004-NMSC-019, ¶ 8)); *see also Jensen*, 1998-NMCA-034, ¶ 16 (using the same standard for an unpreserved cruel-and-unusual-punishment claim). "The error must shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *Castillo*, 2011-NMCA-046, ¶ 29 (internal quotation marks and citation omitted); *see Trujillo*, 2002-NMSC-005, ¶ 65. Based on this standard, we review all of Defendant's claims for fundamental error.

**B.    Vindictiveness**

{5}    After this Court reversed Defendant's racketeering charge for insufficient evidence of the existence of an enterprise, *see Rivera*, 2009-NMCA-132, ¶¶ 13-18, the district court did not reduce his prison term by nine years to reflect the reversal, but instead removed that time from the eighty years it originally ordered to be suspended.

Defendant argues that by doing so the district court ignored the reversal of his conviction and effectively increased the proportionate amount of time he was required to serve in prison, and ensured that he would still serve the rest of his life in prison.

{6} In these circumstances, Defendant asserts that we should apply the presumption of vindictiveness established by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), and remand for resentencing before a different, unbiased judge. New Mexico courts have recognized that the presumption of vindictiveness established in *Pearce* was created for criminal defendants who successfully appealed a conviction and then received a more severe sentence. *See State v. Saavedra*, 108 N.M. 38, 44, 766 P.2d 298, 304 (1988). In *Pearce*, the United States Supreme Court stated that "[i]n order to assure the absence of . . . a [vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear [in the record]." 395 U.S. at 726. The New Mexico Supreme Court has stated that *Pearce* intended to create a safeguard against "personal and institutional biases [that] may lead a judge to impose a harsher sentence in response to the embarrassment of reversal by an appellate court,

the need to vindicate decisions made in the first trial, or other reasons." *Saavedra*, 108 N.M. at 44, 766 P.2d at 304.

{7} The presumption of vindictiveness is not liberally applied, however, and is not conclusive. *See id.* The presumption "arises when the second sentence is more severe than the first," *see id.*, where there is an "actual increase in the total amount of punishment." *State v. Lopez*, 99 N.M. 612, 613, 661 P.2d 890, 891 (Ct. App. 1983). Also, the presumption of vindictiveness does not arise where there is "no realistic possibility that the sentencer at the second trial would be motivated by vindictiveness." *Saavedra*, 108 N.M. at 44, 766 P.2d at 304. The State may rebut the presumption with a showing "that the increased sentence was justified by evidence available at the second trial but not the first." *Id.*

{8} We are not persuaded that the facts of the current case trigger the inquiry and concerns addressed in *Pearce*. Defendant's second sentence is not more severe than the first; the district court reduced Defendant's sentence by nine years to reflect the reversal and took that time from the suspended portion of his sentence. *See State v. Duncan*, 117 N.M. 407, 409-410, 872 P.2d 380, 382-83 (Ct. App. 1994) (holding that the *Pearce* presumption of vindictiveness does not apply when the second sentence is less than the initial sentence), *abrogated on other grounds by State v. Brule*, 1999-NMSC-026, ¶¶ 3-6, 127 N.M. 368, 981 P.2d 782. The district court did not alter

Defendant's sentence for the remaining convictions in any way. Defendant refers us to no authority that would support his views that his sentence was increased, that the district court should have reduced his prison term rather than, or in addition to, his suspended sentence, or that the failure to do so could give rise to a presumption of vindictiveness. *State v. Lovett*, 2012-NMSC-036, ¶ 46, 286 P.3d 265 ("We assume[,] where arguments in briefs are unsupported by cited authority, [that] counsel[,] after diligent search, was unable to find any supporting authority." (alterations in original) (internal quotation marks and citation omitted)). Also, we are not persuaded that any authority supports Defendant's views, nor are we persuaded by the notion that the right to an unbiased sentencer includes the right to a reduced and mitigated sentence. *Cf. State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429 (stating that the trial court is not required to mitigate a defendant's basic sentence); *cf. State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) ("Personal bias cannot be inferred from an adverse ruling or the enforcement of the rules of criminal procedure.").

**{9}** Furthermore, we are not inclined to extend the case law to include Defendant's claims, particularly here where the district court stated a neutral, unbiased reason for the sentence it imposed, and Defendant did not raise the matter below. The district court explained that the original judgment and sentence was clearly intended to have

Defendant serve his convictions consecutively and chronologically, and its amended judgment and sentence followed the same intent and removed the time for the racketeering conviction from the end of the suspended sentence, because it was Defendant's last chronological conviction. Under these circumstances, we see "no realistic possibility" of vindictiveness, no reasoned basis to employ the "prophylactic rule designed to guard against judicial vindictiveness in the sentencing process," and no possible chilling effect on the right to appeal that might result from this holding. *Saavedra*, 108 N.M. at 44, 766 P.2d at 304.

{10} Defendant also asserts that where there are insufficient grounds to apply the *Pearce* presumption, a defendant may prevail on a vindictiveness claim by showing that the district court was motivated by actual vindictiveness. *See Saavedra*, 108 N.M. at 44, 766 P.2d at 304. Defendant contends that the district court judge exhibited signs of vindictiveness by mocking Defendant's references to religion and the good works he had done. We are not persuaded by Defendant's characterization of the judge's comments. The judge was acknowledging the evidence Defendant presented indicating that he was positively impacting people's lives in prison, thanked him for that, and proceeded to impose what she deemed to be a "just and reasonable sentence." Defendant gives us no other basis for an actual vindictiveness claim and the record does not provide one either. For the reasons stated above, we are not

persuaded that Defendant has demonstrated error, fundamental or otherwise.  **C. Prosecutorial Misconduct**

{11}    Defendant contends that the prosecutor engaged in misconduct by exaggerating the victims' losses and implying that a murder-suicide was related to Defendant's actions, a theory that was not presented at trial.  Because the comments about which Defendant now complains were made before a judge during resentencing, not a jury during trial, we do not treat Defendant's issue as a standard prosecutorial misconduct claim.  When matters are tried before a judge, we presume the judge has disregarded improper comments or evidence unless the record clearly indicates otherwise.  *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 ("In a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible error unless it appears the trial court must have relied on it in reaching its decision." (internal quotation marks and citation omitted)).  Additionally, we observe that the Rules of Evidence do not apply at sentencing, *see* Rule 11-1101(D)(3)(c) NMRA, and the trial court has "broad statutory authority to consider at sentencing 'whatever evidence or statements it deems will aid it in reaching a decision.'" *State v. Gardner*, 2003-NMCA-107, ¶ 43, 134 N.M. 294, 76 P.3d 47 (quoting NMSA 1978, § 31-18-15.1(A) (2009) ("The court shall hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and

take whatever evidence or statements it deems will aid it in reaching a decision to alter a basic sentence.")).

{12} In the current case, the same judge presided over Defendant's trial and the resentencing hearing and, therefore, was aware of the evidence presented against Defendant. The judge gave no indication that she considered any inflated version of the evidence upon resentencing, and accordingly, did not alter Defendant's sentence for the crimes for which he was lawfully convicted. As a result, the record does not show that the district court must have considered any improper information.

{13} We also observe that Defendant has shown no prejudice. "In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 117 N.M. 673, 676, 875 P.2d 1104, 1107 (Ct. App. 1994). This is not a case where the prosecutor's statements affected the amount of restitution Defendant was ordered to pay, for example. Again, Defendant received a lawful sentence that was reduced, due to the reversed conviction, and that was not enhanced by any information offered by the State. As we indicated above, Defendant was not entitled to a reduced *and* further mitigated sentence, and he provides no grounds for us to believe that the district court would have further mitigated his sentence without the prosecutor's statements. *Cumpton*, 2000-NMCA-033, ¶¶ 9-10; *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *State v. Kent*,

11

2006-NMCA-134, ¶ 24, 140 N.M. 606, 145 P.3d 86 (holding that the defendant did not make a prima facie showing of prejudice where the arguments failed to establish that the admission of evidence changed the result).

{14} Lastly, we note that given Defendant's high level of pleading for a further mitigated sentence, we believe that if the prosecutor's comments at resentencing were as impactful as Defendant complains, then defense counsel would have objected below and challenged the accuracy of the information. *See State v. Sosa*, 2009-NMSC-056, ¶¶ 18-23, 147 N.M. 351, 223 P.3d 348 (acknowledging that had the meaning of the prosecutor's comments been as egregious as the defense argued on appeal, then defense counsel would have objected at the time they were made or in a motion or the judge would have intervened). In the absence of an objection from Defendant and a developed record, we see no fundamental unfairness or miscarriage of justice.

**D.    Cruel and Unusual Punishment**

{15} Finally, Defendant contends that his sentence, which he claims is effectively a life sentence, is so grossly disproportionate to the offenses that it amounts to cruel and unusual punishment. Defendant also suggests without elaboration that we should interpret the New Mexico Constitution more broadly than the Federal Constitution to prohibit his sentence. Because Defendant did not raise this issue at all in district court,

12

we do not review his state constitutional claim on appeal. *See State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (setting forth the revised and relaxed preservation requirements for an interstitial analysis).

{16} Defendant asserts that his sentence shocks the general conscience and violates principles of fundamental fairness. Defendant's brief in chief does not support this assertion with analysis beyond his reference to *Solem v. Helm*, 463 U.S. 277 (1983), *overruled by Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), for the proposition that life imprisonment without the possibility of parole for uttering a check on a nonexistent account is an unconstitutional punishment, disproportionate to the offense. The facts of *Solem* are materially distinguishable from the current case, however, and this Court has recognized that the continued vitality of the analysis in *Solem* is questionable. *See State v. Rueda*, 1999-NMCA-033, ¶ 12, 126 N.M. 738, 975 P.2d 351. In *Solem*, the defendant received a sentence of life imprisonment after he pled guilty of uttering a "no account" check for $100, based on enhancements under the applicable habitual offender statute. 463 U.S. at 281-84. In contrast, here Defendant was convicted for twenty-four felony offenses, which could have resulted in a 117-year sentence. The district court suspended the majority of Defendant's sentence and ordered him to serve thirty-seven years in prison, of which he will likely serve about nineteen years, according to the calculations in the brief in chief. The answer brief

points out that on average Defendant will serve about nine-and-a-half months per offense, six of which have a basic sentence of nine years each and eighteen of which have a basic sentence of three years each. We agree with the State's observation that any allegedly unusual length of Defendant's sentence is the result of the number of offenses Defendant committed.

{17} "Although the Eighth Amendment prohibits the imposition of a sentence that is grossly disproportionate to the crime for which [the] defendant is convicted, the classification of felonies and the length of sentence is purely a matter of legislative prerogative." *State v. Garcia*, 100 N.M. 120, 127, 666 P.2d 1267, 1274 (Ct. App. 1983). "It is rare that a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel." *Trujillo*, 2002-NMSC-005, ¶ 66 (internal quotation marks and citation omitted). In *State v. Arrington*, for example, this Court held that the mandatory prison term for this particular second-felony offender who distributed marijuana could constitute cruel and unusual punishment, where the undisputed evidence showed that incarceration would be life-threatening to the severely asthmatic defendant because adequate medical care would not be available to her in a correctional facility. *See Arrington*, 115 N.M. 559, 559-61, 855 P.2d 133, 133-35 (Ct. App. 1993).

{18}     Neither Defendant's arguments nor the record give us reason to believe that Defendant's sentence was disproportionate to his twenty-four felony offenses or that he has unique circumstances that would render his particular sentence unconstitutional. As a result, we are not persuaded that Defendant has shown a fundamental unfairness to satisfy the fundamental error standard.

{19}     We observe that for the first time in the reply brief, Defendant compares his sentence to sentences imposed in other cases and contends that we should judge his sentence based on the sentences of other defendants as a part of the proportionality analysis. By engaging in this analysis for the first time in the reply brief, Defendant has deprived the State of the opportunity to respond. *See State v. Martinez*, 2005-NMCA-052, ¶ 7, 137 N.M. 432, 112 P.3d 293 (explaining that we will not reach the defendant's issue raised for the first time in the reply brief where it "deprives the State of an effective rebuttal as contemplated by the [briefing] rules" and deprives this Court of the benefit of briefing). While we acknowledge that the reply brief purports to raise the analysis in response to the State's complaint that Defendant did not apply the law to the facts, we are not persuaded that the State's accurate observation about the brief in chief permits Defendant to assert new grounds to support his argument that his sentence was cruel and unusual. The concerns articulated in *Martinez* are uniquely relevant in this case, because the applicable standards in the case law are unclear and

Defendant did not raise the issue below. This has deprived the State of any notice of the argument and opportunity to respond and deprives this Court of guidance from any briefing. We point out that this Court has questioned the appropriateness of testing and comparing a defendant's sentence to sentences for similar crimes in other cases when addressing a cruel and unusual punishment claim in noncapital cases. *See Rueda*, 1999-NMCA-033, ¶ 12. We observed that, in *Harmelin*, a plurality opinion, the United States Supreme Court seemed to overrule its previous opinion in *Solem*, as explained by the Fifth Circuit: "[o]nly if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Rueda*, 1999-NMCA-033, ¶ 12 (quoting *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) and citing *Harmelin*, 501 U.S. at 1004-06 (Kennedy, J., plurality opinion)).

{20}     Defendant does not address the impact of *Harmelin* on the proportionality analysis set forth in *Solem*, but argues that we should review the crimes and sentences from other cases to ascertain whether Defendant's sentence is disproportionate to his offenses as we did in *State v. Ira*, 2002-NMCA-037, ¶ 18, 132 N.M. 8, 43 P.3d 359. *Ira* is of no aid to Defendant. *Ira* involved an adult sentence of 91 ½ years imposed on a fifteen-year-old juvenile defendant and thus invoked concerns about proper

16

sentencing of youthful offenders which are simply not present here. In addition, the ultimate result in *Ira* was to affirm the sentence in part because of the repeated character of the defendant's criminal acts.

{21} Here, Defendant's complaint is basically about the length of his sentence. In light of his numerous convictions based on his acts in defrauding numerous victims, we cannot say that his sentence can be seen as disproportionate or to be outside contemporary standards of elemental decency. *Id.* Ultimately, Defendant has not demonstrated that this is one of the extreme and rare cases for which the Eighth Amendment should afford him relief or an even more exceedingly rare case of fundamental error. *See Trujillo*, 2002-NMSC-005, ¶ 66.

**II. CONCLUSION**

{22} For the reasons stated in this Opinion, we affirm Defendant's sentence.

{23} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

17

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**