This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO.   33,052**

**BRETT WOOLF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Brett Woolf (Defendant) appeals his judgment and sentence on the grounds that it constitutes cruel and unusual punishment. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have given due consideration. Unpersuaded, we affirm.

{2}    In this Court's calendar notice, we noted that this case has an unusual posture in that it is one of seven appeals filed by Defendant arising out of the district court's judgments and sentences relating to seven different criminal cases. We further noted that, on appeal, Defendant was challenging the constitutionality of his sentence under both the federal and state constitutions. However, we proposed to conclude that Defendant had failed to preserve any argument that the state constitution provides greater protection than the federal constitution and declined to address that issue in our notice of proposed disposition. Defendant does not argue in his memorandum in opposition that the state constitutional issue was preserved. Therefore, our Opinion is limited to the constitutionality of his sentence under the federal constitution.

{3}    With respect to Defendant's claim that his sentence violated the federal constitution's prohibition against cruel and unusual punishment, we pointed out that Defendant's sentence was within the parameters defined by our Legislature and was not grossly disproportionate to the crime to which Defendant pleaded guilty. Moreover, to the extent Defendant argued that his four-year habitual offender

2

enhancement amounted to cruel and unusual punishment, this Court relied on *State v. Rueda* to propose to conclude otherwise. 1999-NMCA-033, ¶ 16, 126 N.M. 738, 975 P.2d 351 (holding that an eight-year habitual offender enhancement on a fourth-degree felony shoplifting charge did not constitute cruel and unusual punishment).

{4}     In response, Defendant contends that this Court should view the sentences imposed in each of the seven separate criminal prosecutions against him collectively and hold that the collective sentence violates the federal constitutional prohibition against cruel and unusual punishment. Defendant, however, provides no authority for this proposition. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (recognizing that where a party cites no authority to support an argument, we may assume no such authority exists). Moreover, to the extent Defendant argues that the district court abused its discretion in declining to run any of the enhanced sentences concurrently because he accepted responsibility and pleaded guilty, he provides no authority for the proposition that it is an abuse of discretion for a sentencing judge to refuse to run sentences concurrently when a criminal defendant accepts responsibility by pleading guilty. *Id.*  In this Court's calendar notice, we directed Defendant to authority, stating that "the trial judge is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature." *State v. Duran*, 1998-NMCA-153, ¶ 41, 126

3

N.M. 60, 966 P.2d 768. By failing to provide authority for Defendant's assertion that the failure to run his sentences concurrently was an abuse of discretion, he has failed to meet his burden of rebutting this Court's notice of proposed disposition by pointing out errors in law or in fact. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

{5}     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's sentence.

{6}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**

4