This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 34,121**

**JOSEPH DOMINGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant appeals from the district court's order denying reconsideration of his sentence of five years and six months incarceration, under the habitual offender statute, for a petty crime, consisting of forgery of a check in the amount of $225. Because Defendant did not demonstrate that the district court erred in the imposition of his sentence, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We do not repeat the analysis contained in our notice and respond only to the arguments made in response to it. Having duly considered Defendant's response, we remain unpersuaded. We, therefore, affirm.

{2} On appeal, Defendant argues that the district court erred by ruling that it lacked discretion to place Defendant on house arrest with electronic monitoring by the Department of Corrections for the duration of his four-year, mandatory habitual offender portion of his sentence. [DS 4; MIO 1-5] Pursuing this claim under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, [MIO 5] Defendant acknowledges in his response to our notice that his mandatory, four-year sentence exceeds the eighteen-month term of imprisonment that the Legislature has declared eligible for incarceration in a place other than a corrections facility, as stated in NMSA 1978, Section 31-20-2(A) (1993). [MIO 4] Defendant nevertheless maintains

2

that district courts should have discretion to determine on a case-by-case basis whether a non-traditional prison setting may be more appropriate. [MIO 4-5] District courts are not permitted discretion to ignore legislatively mandated sentences, however. *See State v. Arrington*, 1993-NMCA-055, ¶¶ 7-8, 115 N.M. 559, 855 P.2d 133 (noting that "in the absence of special circumstances such as a constitutional violation, the trial court does not have discretion to specify the place habitual-offender defendants are to serve their sentences," when the defendants are sentenced under NMSA 1978, § 31-18-17(B) (2003)); *State v. Martinez,* 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747 ("A trial court's power to sentence is derived exclusively from statute."). As a result, we hold that the district court's ruling was correct that Defendant is not eligible to serve the habitual offender enhancement portion of his sentence under house arrest.

{3}     Defendant also asserts that his sentence—five years and six months—for a petty crime, consisting of forgery of a check in the amount of $225, violates his federal and state constitutional protections against cruel and unusual punishment. [DS 4; MIO 5-8] In response to our notice, Defendant has acknowledged throughout his appeal that this argument was not preserved below, and therefore, is subject to review for fundamental error. [DS 4; 6-8] Defendant also acknowledges that his sentence is authorized by statute, [MIO 6] and contends that it is grossly disproportionate to his

3

crime. [MIO 6-8] Defendant does not supply this Court with any authority that would require reversal. In fact, analogous case law compels affirmance. *See State v. Rueda*, 1999-NMCA-033, ¶¶ 2, 16, 126 N.M. 738, 975 P.2d 351 (holding that a defendant's eight-year, mandatory, habitual offender sentence for stealing $253 worth of merchandise, as a fifth shoplifting offense, was not so grossly disproportionate as to "shock the general conscience'" or "violate principles of fundamental fairness"); *State v. Archibeque*, 1981-NMSC-010, ¶¶ 1, 5, 95 N.M. 411, 622 P.2d 1031 (holding that the mandatory imposition of a life sentence for an habitual offender convicted of commercial burglary does not constitute cruel and unusual punishment). [MIO 8] In the absence of any rare and compelling reason of the kind described in our notice, [CN 4-5] we hold that Defendant's sentence does not violate the prohibition against cruel and unusual punishment.

{4}	For the reasons stated in our notice and in this opinion, we affirm Defendant's sentence.

{5}	**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**M. MONICA ZAMORA, Judge**