This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41736**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JENNIFER J. BILLY, a/k/a**
**JENNIFER JEAN BILLY, a/k/a**
**JENNIFER J. DALE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's order revoking probation and committing Defendant to the Department of Corrections. [RP 119] Defendant argues that the district court had discretion under NMSA 1978, Section 31-21-15(B) (2016), to send Defendant to treatment and reinstate probation, rendering the district court's decision to sentence Defendant to a four-year term of incarceration as a habitual offender under NMSA 1978, Section 31-18-17(B) (2003)—despite its stated desire to do otherwise—an abuse of discretion based on a misunderstanding of the law. [BIC 13] Specifically, Defendant argues that when the district court chooses to continue or reinstate probation under Section 31-21-15(B), rather than impose a prison sentence, there is no sentence to enhance. [BIC 9] Defendant also argues that her sentence amounts to cruel and unusual punishment under the New Mexico Constitution. [BIC 10] For the reasons that follow, we affirm.

## BACKGROUND

**{3}** Defendant pleaded guilty to possession of a controlled substance. [RP 84] As part of that plea agreement, the State agreed not to pursue a habitual offender enhancement against Defendant based on two prior felony convictions. [RP 84-85] Defendant, in turn, agreed to admit her identity as the person convicted of two prior felonies. [RP 84] Defendant also agreed that, in the event that if she "in any way violates any of the conditions of any probation or parole to which she may be or become subject . . . the State will file the felony enhancement against [D]efendant and will use [D]efendant's admission of identity on the prior felony convictions." [RP 85] In April 2023, the State filed both a motion to revoke probation and a supplemental criminal information seeking a four-year habitual offender enhancement for her two previous felony convictions. [RP 101, 105] *See* § 31-18-17(B). At the probation revocation hearing, Defendant admitted to having violated the terms and conditions of her probation by failing to report, failing to complete counseling, and failing to provide a current address. [BIC 2; RP 119]

**{4}** Initially, the district court declined to send Defendant to prison, stating that it would order Defendant to enter and complete a six-month recovery program instead, after which she would be reinstated on probation. [BIC 4] The State objected to this approach, arguing that because it had already chosen to file the supplemental information, the district court was without discretion and had to send Defendant to prison for four years as a habitual offender pursuant to Section 31-18-17(B). [BIC 4-5] When asked, defense counsel conceded that because Defendant had two prior offenses, the district court did not have discretion to forego sending Defendant to prison following the filing of the supplemental information. [AB 5; 9/26/2023 CD 11:02:35] The district court expressed disappointment in the result, but sentenced Defendant to serve her four-year habitual enhancement, less forty-six days of pre-sentence confinement credit, followed by a one-year term of parole and a six-month and three-day term of supervised probation to run concurrent with parole. [RP 120; AB 6; BIC 5]

**DISCUSSION**

**{5}** Generally, the district court's decision to revoke probation is reviewed under an abuse of discretion standard. *State v. Herrera*, 2024-NMCA-063, ¶ 9, 554 P.3d 743. However, Defendant did not argue before the district court that the district court had discretion to continue or reinstate probation under Section 31-21-15(B), rather than impose a prison sentence. [BIC 7] Accordingly, we review for fundamental error. *See Herrera*, 2024-NMCA-063, ¶ 9. When reviewing for fundamental error, "we begin by asking whether an error occurred—if we determine that it has, we then ask whether the error was fundamental." *Id.* ¶ 10 ("We apply the fundamental error doctrine only under exceptional circumstances and only to prevent a miscarriage of justice." (internal quotation marks and citation omitted)).

**{6}** A prosecutor "may seek an enhancement at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term." *State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325 ("Postponement of habitual[] offender proceedings is authorized."). The plea agreement in this case restricted the State from pursuing the enhancement unless Defendant "in any way violate[d] any of the conditions of any probation."[1] [RP 85] When Defendant admitted to violating the conditions of her probation, the State was no longer subject to the plea agreement's restriction against pursuing a habitual offender enhancement. [Id.] Section 31-18-17(B) requires that a person with two prior felony convictions is a habitual offender whose basic sentence must be increased by four years.

**{7}** Accordingly, there was no room for the trial court to exercise discretion in sentencing Defendant following the State's decision to file the supplemental information. *See State v. Sanchez*, 2001-NMCA-060, ¶¶ 22-23, 130 N.M. 602, 28 P.3d 1143 (rejecting the defendant's argument that the trial court had discretion under Section 31-21-15 to sentence him to less than the habitual offender enhancement period). Moreover, this Court has already determined that a judgment like the one issued in this case is authorized by law. *See Freed*, 1996-NMCA-044, ¶ 14 (concluding that the judgment and sentence was authorized by law where "the [s]tate had authority under the habitual[] offender statute to seek a further enhancement of [the d]efendant's sentence but was prohibited from doing so originally because of a restriction in the plea agreement. Once that restriction was voided by [the d]efendant's misconduct, the [s]tate could exercise its authority under the habitual[] offender statute").

**{8}** Defendant also argues that a four-year incarceration resulting from technical violations of her probation conditions constitutes cruel and unusual punishment under the New Mexico Constitution. [BIC 10] We are unpersuaded by this argument for the reasons that follow.

**{9}** First, Defendant acknowledges that this issue is also unpreserved, but she asks that we nevertheless review it for fundamental error. [BIC 10] However, "a sentence

---

1Defendant makes no argument that the language of the plea agreement is unclear or ambiguous.

authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896. Defendant makes no assertion that her sentence was not authorized by statute. *See* § 31-18-17(B); *State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747 ("A trial court's power to sentence is derived exclusively from statute."). Accordingly, we conclude that Defendant's argument may not be raised for the first time on appeal. *See Chavarria*, 2009-NMSC-020, ¶ 14.

**{10}** Second, we note that the constitutional right to appeal is waivable, and in her plea agreement, Defendant explicitly agreed "not to contest the validity of the felony enhancement should it be instituted pursuant to the terms of this agreement." [RP 85] Given that Defendant does not challenge the validity of her guilty plea, we conclude that she waived her right to challenge the constitutionality of her sentence on appeal, and there exists no fundamental error necessitating reversal of Defendant's sentence. *See id.* ¶ 16.

**{11}** Third, assuming Defendant's claim could be raised on appeal notwithstanding any appellate waiver, Defendant has failed to demonstrate reversible error. Although Defendant argues that her four year incarceration "for technical probation violations constitutes cruel and usual punishment," we note that Defendant "was not punished for [the] probation violation. Defendant was punished for the underlying offenses." *See Sanchez*, 2001-NMCA-060, ¶ 27 (rejecting argument that enhancement was cruel and unusual where the defendant was sentenced as a habitual offender following a probation violation). Furthermore, in making her argument, Defendant points to "evolving standards of decency" and proposed amendments to the habitual offender statute that were never signed into law. [BIC 12-15] It is beyond this Court's purview to base decisions on policy and unrealized legislation. *See, e.g.*, *State v. Franklin*, 2018-NMSC-015, ¶ 7, 413 P.3d 861 ("[W]e will not question the wisdom, policy, or justness of legislation enacted by our Legislature, and will presume that the legislation is constitutional." (internal quotation marks and citation omitted)). Moreover, "the Legislature has the prerogative to establish the length of a criminal sentence." *State v. Rueda*, 1999-NMCA-033, ¶ 6, 126 N.M. 738, 975 P.2d 351; *Franklin*, 2018-NMSC-015, ¶ 7 ("The Legislature has broad authority to define criminal behavior and provide for its punishment." (internal quotation marks and citation omitted)).

**{12}** Given that Defendant's sentence was within the statutory limits, we discern no error in Defendant's sentence. *See Sanchez*, 2001-NMCA-060, ¶ 23 (recognizing that requiring a defendant to serve the original sentence following probation revocation does not constitute cruel and unusual punishment where the original sentence was within statutory limits); *State v. Augustus*, 1981-NMCA-118, ¶ 8, 97 N.M. 100, 637 P.2d 50 (noting that "it is an exceedingly rare case where a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel"); *cf. State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there is no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes). Accordingly, we affirm.

**{13}** IT IS SO ORDERED.

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**