This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42226**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON ELUTERIO TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

{2}    Defendant appeals from the district court's order revoking his probation, imposing one year of habitual offender time pursuant to a plea agreement and sentencing Defendant to about two years in prison. [RP 142-50, 152] Defendant contends that his sentence of incarceration for a probation violation based on drug addiction constitutes unconstitutionally cruel and unusual punishment. [BIC 6-11]

{3}    Initially, we observe that when considering a claim of cruel and unusual punishment upon sentencing after the revocation of probation, the defendant is not being punished for violating probation; the defendant is being punished for the underlying offenses. *State v. Sanchez*, 2001-NMCA-060, ¶¶ 26-27, 130 N.M. 602, 28 P.3d 1143. In the current case, Defendant was convicted of felony possession of methamphetamine and failure to register as a sex offender, pursuant to a guilty plea. [RP 50-53] Defendant's sentences for these felonies were run concurrently for a total term of incarceration of three years, which was suspended so that Defendant would serve his term on supervised probation under various conditions of probation. [RP 51] Under Defendant's guilty plea, he admitted to having a prior felony conviction and agreed that if he violated any of the conditions of his probation, the State will file the felony enhancement against him. [RP 39] Defendant also waived any and all motions, defenses, or objections to the district court's entry of a sentence that is consistent with the plea agreement. [RP 40]

{4}    Defendant does not contend that his sentence was unauthorized by law or that his sentence violates the plea agreement. We also conclude that Defendant's sentence was authorized by statute and was consistent with the plea agreement. *See* NMSA 1978, § 30-31-23(A), (E) (2021) (possession of methamphetamine); NMSA 1978, § 29-11A-4(P) (2013) (failure to register as a sex offender); NMSA 1978, § 31-18-15(A) (2024) (sentencing guidelines); NMSA 1978, § 31-18-17(A) (2003) (permitting the imposition of a habitual offender enhancement of one year in prison for a prior felony conviction).

{5}    Because Defendant's constitutional argument on appeal is not grounded in a claim that his sentence was unauthorized by statute, his argument is nonjurisdictional and must be properly preserved for appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896. Defendant acknowledges that he did not raise this exact cruel and unusual punishment claim in district court, and Defendant has not moved to withdraw his plea. [BIC 7] Defendant explains that his counsel argued that justice would not be served by imposing a one-year enhancement for drug addiction, and asks us to review the issue for fundamental error. [Id.] In *Chavarria*, our Supreme Court held that where a defendant has entered an unconditional guilty plea and has not challenged the validity of the plea, that defendant has waived the right to challenge the constitutionality of his sentence on appeal. *Id.* ¶¶ 15-17. The *Chavarria* court, therefore, refused to review the defendant's sentence for fundamental error and did not reach the merits of the defendant's cruel and unusual punishment claim. *Id.* ¶ 16.

{6}    However, even assuming Defendant's claim could be raised on appeal from an order revoking probation, we see no fundamental error. Defendant argues that his

prison sentence is unconstitutionally cruel and unusual because it was discretionary with the district court, and he is in need of continued treatment for his drug addiction, rather than the prison's Residential Drug Abuse Program (RDAP) because he had already completed RDAP three times. [BIC 6-7] As this Court has stated, "The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant." *State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429. In other words, Defendant does not have a right to a mitigated sentence, let alone a fundamental right. *See id.* ("[A][d]efendant is entitled to no more than a sentence prescribed by law."). Additionally, our case law provides that, generally, "a statutorily lawful sentence does not constitute cruel and unusual punishment." *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313; *cf. State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there is no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes).

{7}     To the extent Defendant points to "evolving standards of decency" and proposed amendments to the habitual offender statute that were never signed into law in asserting his claim of cruel and unusual punishment [BIC 8-11], we are not persuaded. It is beyond this Court's purview to base our decision on policies that may have been a driving force behind unrealized legislation. *See, e.g.*, *State v. Franklin*, 2018-NMSC-015, ¶ 7, 413 P.3d 861 ("[W]e will not question the wisdom, policy, or justness of legislation enacted by our Legislature, and will presume that the legislation is constitutional." (internal quotation marks and citation omitted)). Moreover, "the Legislature has the prerogative to establish the length of a criminal sentence," *State v. Rueda*, 1999-NMCA-033, ¶ 6, 126 N.M. 738, 975 P.2d 351, and our role is to give effect to the intent underlying our statutes, *see State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. Because Defendant's sentence is authorized by statute, his remedy is to seek change in the legislation through the political process, not this Court. *See Franklin*, 2018-NMSC-015, ¶ 7 ("The Legislature has broad authority to define criminal behavior and provide for its punishment." (internal quotation marks and citation omitted)).

{8}     For the reasons stated above, we affirm the district court's order of probation revocation and commitment of Defendant to the Department of Corrections.

{9}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**