672 P.2d 665

STATE of New Mexico,
Plaintiff-Appellee,

v.

E.L. STEELE, a/k/a Steve Steele,
Defendant-Appellant.

No. 6038.

Court of Appeals of New Mexico.

June 23, 1983.

Paul G. Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Scott McCarty, Albuquerque, for defendant-appellant.

OPINION

WALTERS, Chief Judge.

This case, as in *State v. Griffin* (Ct.App.) 100 N.M. 75, 665 P.2d 1166 (1983), is concerned with a defendant who pled guilty to three counts of fraud, solicitation to commit security fraud and attempt to commit fraud, in connection with New Mexico Mortgage Finance Authority (MFA) transactions.

Steele argues on appeal that (1) restitution was improperly ordered because MFA lost nothing and, thus, there was no victim; (2) restitution ordered of $50,000 was exces-

sive; and (3) the lien ordered on defendant's property to the extent of restitution was not authorized.

1. Steele advised the court at sentencing that he felt restitution in the amount of the profits he earned would be appropriate. The amount of the loans and defendant's profits were established as about $90–100,-000; the trial court considered defendant's circumstances and reduced the amount to be paid to $50,000. As in *Griffin, supra,* no actual damages were shown.

■ *Griffin, supra,* holds that in the absence of actual damages, the restitution statute is inapplicable. It notes, additionally, that "as a general proposition" equitable remedies do not apply. This case falls without the general proposition; defendant agreed that restitution in the amount of his profits would be proper. He objected to the amount ordered only when it appeared that the trial court's order would include an amount over and above what he believed to be his profits. His signed plea and disposition agreement provided for payment of restitution, and that bargain is binding if he is otherwise to have the benefit of having other charges dropped. He has not asked that his plea be withdrawn; consequently, he is bound by the requirement of restitution bargained for, whether authorized by statute or not. *State v. Padilla,* 98 N.M. 349, 648 P.2d 807 (Ct.App.1982).

■ 2. Defendant was ordered to pay restitution at $10,000 per year over a five-year period. Evidence of his financial status was taken into account by the trial court and was sufficient to indicate the reasonableness of the payment schedule. Defendant's contention that restitution will destroy his spouse's community property interest in their properties is not supported by any evidence of the amount of community property included in defendant's financial statements.

The restitution statute, NMSA 1978, § 31–17–1 (Repl.Pamp.1981), provides that restitution ordered should be in the amount defendant is "reasonably able" to pay; that denotes discretion to be exercised by the trial court. We are unable to say that the trial court abused its discretion. *See State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct.App.1970).

■ 3. Defendant did not agree, as a part of the plea and disposition agreement, to allow a lien on his property. *Compare* Item 1 above. The State argues that the lien was proper because it secures the amount of the "money judgment" entered against defendant.

*State v. Lack,* 98 N.M. 500, 650 P.2d 22 (Ct.App.1982), expressly states that "[a] condition of restitution by a court placing a defendant on probation creates neither a debt nor a debtor-creditor relationship between the persons making and receiving restitution." Section 31–17–1(C) permits the court to modify the order of restitution at any time, thus removing the certainty of and absolute right to payment from the ordinary characteristics of a judgment debt to which NMSA 1978, § 39–1–6, applies. A lien in the instant circumstance would be inconsistent with the provisions of § 31–17–1(C).

The order of restitution and its amount is affirmed. The lien on defendant's property should be released. The matter is remanded to the trial court for deletion of the lien provision from the judgment, and for modification of the judgment to provide that restitution be made over a five-year period at the rate of $10,000 per year.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.