1998-NMCA-034

955 P.2d 195

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert Scott JENSEN, Defendant–
Appellant.**

**No. 17949.**

Court of Appeals of New Mexico.

Nov. 6, 1997.

Certiorari Denied Dec. 30, 1997.

Tom Udall, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Robert Scott Jensen, Las Cruces, Pro se.

## OPINION

APODACA, Judge.

1. Defendant appeals from the district court's judgment and sentence. He pled guilty to embezzlement over $20,000, two counts of fraud over $20,000, fraud over $2,500, unlawful practice of public accounting, and racketeering. Defendant raises four issues on appeal, arguing that the trial court erred in: (1) requiring Defendant, as a condition of probation, to execute promissory notes payable to the victims; (2) considering

previously undisclosed "ex parte" communications concerning resentencing; (3) violating double jeopardy safeguards by sentencing Defendant based on facts and events that were previously used in a civil trial as a basis for punitive damages; and (4) ordering that Defendant's sentences run consecutively. Not persuaded by Defendant's arguments, we affirm on all issues.

## I. FACTUAL AND PROCEDURAL BACKGROUND

2. Defendant was charged with having stolen money from several clients while representing himself as a certified public accountant. The basis for the various criminal charges against him were the following alleged actions by Defendant: (1) misappropriating over $300,000 from Dr. and Mrs. Dennis Madrid intended as payment for taxes owed, by changing the payee on the Madrids' checks from the taxing authorities to himself; (2) misappropriating over $50,000 from Jim Bailey by requesting reimbursements for tax payments owed by Mr. Bailey's business that Defendant had not previously paid; (3) misappropriating over $75,000 from Larry Maddox of Maddox Plumbing and Heating; (4) misappropriating over $2,500 from the Madrids; (5) engaging in the unlawful practice of public accounting by failing to pay renewal fees for a CPA license; and (6) transferring the stolen money into enterprises he established.

3. The district court accepted Defendant's guilty pleas. At the sentencing hearing, Defendant was convicted of six counts and was sentenced to twenty-seven years in prison with five years probation and two years parole. The court also ordered Defendant to pay restitution of $355,000 to Dr. and Mrs. Madrid at 15% compound interest from the date the criminal information was filed (June 22, 1994); $39,000 to Mr. Maddox at 15% compound interest; and $101,000 to Mr. Bailey at 15% compound interest. The court directed Defendant, upon his release from prison, to execute promissory notes payable to the victims of his crimes and evidencing the respective amounts of restitution.

4. Defendant later filed a motion for modification of sentence. At the hearing on this motion, Defendant requested that the court impose probation rather than incarceration. A resentencing hearing was held at a later date, and the court reduced Defendant's sentence by suspending six of the nine years sentenced on Count III. The court ordered probation for the suspended years and directed Defendant to make restitution during that period.

## II. DISCUSSION

### A. The Promissory Notes

5. Defendant argues that the district court improperly made a condition of probation the execution of promissory notes payable to his victims with compound interest. Defendant challenges this requirement because: (1) the concept of restitution does not create a debtor-creditor relationship, see State v. Lack, 98 N.M. 500, 506, 650 P.2d 22, 28 (Ct.App.1982); State v. Steele, 100 N.M. 492, 493, 672 P.2d 665, 666 (Ct.App.1983); (2) the execution of promissory notes is not reasonably related to Defendant's rehabilitation, see State v. Donaldson, 100 N.M. 111, 119–20, 666 P.2d 1258, 1266–67 (Ct.App.1983); State v. Taylor, 104 N.M. 88, 96–97, 717 P.2d 64, 72–73 (Ct.App.1986); (3) the condition does not require or forbid conduct that is reasonably related to deterring future criminality, see Taylor, 104 N.M. at 96–97, 717 P.2d at 72–73; (4) the promissory notes and accrued interest are not authorized by statute, NMSA 1978, § 31–17–1 (1993); see State v. Ayala, 95 N.M. 464, 465, 623 P.2d 584, 585 (Ct.App.1981); State v. Dominguez, 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.1993); (5) the conditions of restitution extend beyond the maximum probation or parole period, contrary to Section 31–17–1(G); see Lack, 98 N.M. at 505, 650 P.2d at 27; and (6) requiring the signing of the promissory notes as a condition of probation could result in a violation of Defendant's probation and reinstatement of his suspended sentence if he made what could be deemed insufficient payment.

6. Because Defendant claims that the sentences ordered were not authorized by statute, this issue is jurisdictional and may be raised for the first time on appeal.

*See Dominguez,* 115 N.M. at 456, 853 P.2d at 158.

7. Under NMSA 1978, § 31–20–6(C), (F) (1988, prior to the 1997 amendment), the court may require a defendant "to be placed on probation ... for a term not to exceed five years" and "to satisfy any other conditions reasonably related to his rehabilitation." "If the trial court exercises [a] sentencing option[ ] under Section 31–20–6 ..., the court shall require as a condition of probation ... that the defendant ... promptly prepare a plan of restitution ... to each victim." Section 31–17–1(B).

8. We "will not ... set aside [probation conditions] unless: 1) they have no reasonable relation to the offense for which the defendant was convicted; 2) relate to activity [that] is not itself criminal in nature; and, 3) require or forbid conduct [that] is not reasonably related to deterring future criminality ." *Taylor,* 104 N.M. at 96–97, 717 P.2d at 72–73.

9. Defendant first contends that execution of promissory notes is inappropriate because the conditions of restitution do not create a debt or a debtor-creditor relationship. *See Lack,* 98 N.M. at 506, 650 P.2d at 28; *Steele,* 100 N.M. at 493, 672 P.2d at 666. Defendant contends that the district court was not permitted to require him to do anything that would create "the ordinary characteristics of a judgment debt" such as "certainty of and absolute right to payment." *See Steele,* 100 N.M. at 493, 672 P.2d at 666. Under the circumstances of this case, we disagree. Although *restitution* alone does not create a debt, Defendant never objected below to either the fact that he was financially obligated to his victims or to the particular amount of that obligation. *Cf. Lack,* 98 N.M. at 509, 650 P.2d at 31 (where defendant fails to object to amount proposed in restitution, failure to afford him a hearing is not error). Consequently, if requiring Defendant to sign the notes was proper as a condition of probation, Defendant cannot complain of the note amounts or that the notes might create a debt that is enforceable civilly apart from restitution.

10. Defendant next argues that the execution of the promissory notes with inter-

est is not reasonable and also not related to his rehabilitation. *See Donaldson,* 100 N.M. at 119–20, 666 P.2d at 1266–67; *Taylor,* 104 N.M. at 96, 717 P.2d at 72. We disagree. In our view, the promissory notes impress upon Defendant the seriousness of his crimes and his responsibility to recompense his victims. We consider the district court's action as intending for the promissory notes to memorialize Defendant's commitment to pay restitution to his victims and to impress on him the magnitude of the harm he caused them. The interest remunerates the victims for the loss of use of their money. Consequently, we hold that the conditions are reasonably related to Defendant's rehabilitation.

11. Defendant also contends that the execution of promissory notes with interest does not require or forbid conduct that is reasonably related to deterring future criminality. *See Taylor,* 104 N.M. at 97, 717 P.2d at 73; *Donaldson,* 100 N.M. at 120, 666 P.2d at 1267. Again, we disagree. Defendant was convicted of embezzlement, fraud, the unlawful practice of public accounting, and racketeering. We therefore believe that his probation conditions emphasize the financial consequences of his crimes. As a result, the execution of promissory notes with interest serves to deter future criminality.

12. Defendant next asserts that the promissory notes and accrued interest are not authorized by statute. *See Ayala,* 95 N.M. at 465, 623 P.2d at 585; *Dominguez,* 115 N.M. at 456, 853 P.2d at 158. In an order deferring or suspending sentence, the district court may require defendant "to satisfy any other conditions reasonably related to his rehabilitation." Section 31–20–6(F). We have concluded previously that the promissory notes and interest are reasonably related to Defendant's rehabilitation. Additionally, if this were a civil matter, the amount of interest would be permitted by NMSA 1978, Section 56–8–4(A) (1993), which allows interest of 15% on judgments involving tortious conduct, bad faith, intentional, or willful acts. *See* § 31–17–1(A)(2) (restitution includes all damages that could be recovered in a civil action except punitive and emotional

damages). It follows that the notes and interest are permitted by law.

**13.** Defendant argues that the conditions of restitution extend beyond the maximum probation or parole period, contrary to Section 31–17–1(G). *See Lack,* 98 N.M. at 505, 650 P.2d at 27. Section 31–17–1(G) provides in part that "the [district] court may modify the plan of restitution or extend the period of time for restitution, but not beyond the maximum probation or parole period specified in Section 31–21–10 NMSA 1978." As we previously noted, the promissory notes were not intended to be a substitute for restitution, but simply a memorialization of what Defendant admitted he owed the victims.

**14.** Finally, Defendant argues that the district court erred in requiring him to sign promissory notes as a condition of his probation because that would allow his probation to be revoked if he did not timely or sufficiently make payments on the notes. We disagree with the premise of Defendant's contention. At sentencing, the district court stated, "You will execute a promissory note to each of [your victims] upon your release from prison promising to pay them the sum of money that is owed at that point including accrued interest *as your abilities best allow you to do so.*" (Emphasis added.) It is well-established law that probation cannot be revoked for failure to make payments when a defendant is making bona fide efforts to pay and is unable to pay. *See State v. Parsons,* 104 N.M. 123, 125–26, 717 P.2d 99, 101–02 (Ct.App.1986). In light of the district court's comments, we do not believe that the district court was contemplating revoking probation if Defendant failed to pay the promissory notes regardless of any other circumstances. In any event, until such time as the State may seek revocation on such ground, Defendant's contention is speculative and premature.

## B. The Resentencing Letters

**15.** Defendant argues that the district court erred in considering letters addressed to the court concerning Defendant's resentencing. He refers to these letters as "ex parte" communications. The letters, however, were made known to both parties at sentencing and were both in favor and against a more lenient sentence. "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." Rule 12–216(A), NMRA 1997; *see State v. Gonzales,* 110 N.M. 218, 227, 794 P.2d 361, 370 (Ct.App.1990). Defendant did not challenge the district court's consideration of the letters at his resentencing hearing. Consequently, Defendant "failed to preserve any error for appellate review." *Gonzales,* 110 N.M. at 227, 794 P.2d at 370.

**16.** Rule 12–216, however, does not "preclude the appellate court from considering ..., in its discretion, questions involving ... fundamental error." *State v. Ware,* 118 N.M. 326, 328, 881 P.2d 686, 688 (Ct.App. 1993), *rev'd on other grounds,* 118 N.M. 319, 881 P.2d 679 (1994). " 'The doctrine of fundamental error ... [is] invoked [when necessary] ... to avoid a miscarriage of justice.' " *State v. Alingog,* 116 N.M. 650, 653, 866 P.2d 378, 381 (Ct.App.1993) (quoting *State v. Rodriguez,* 113 N.M. 767, 774, 833 P.2d 244, 251 (Ct.App.1992)) *rev'd on other grounds,* 117 N.M. 756, 877 P.2d 562 (1994).

**17.** We hold that the trial court's consideration of the letters did not result in a miscarriage of justice. Instead, the resentencing hearing benefitted Defendant because the district court reduced Defendant's sentence by six years. We will therefore not review this issue under the fundamental error exception to the preservation requirement.

## C. Double Jeopardy

**18.** Defendant contends that the district court's sentencing placed him in double jeopardy. Defendant argues that the district court sentenced him on the same facts and events used to award punitive damages against him in a previous civil suit filed by the Madrids. Defendant did not argue this issue in the district court. He, however, may raise his double jeopardy claim for the first time on appeal. *See* NMSA 1978, § 30–1–10 (1963); *State v. Borja–Guzman,* 1996 NMCA 25, ¶ 5, 121 N.M. 401, 912 P.2d 277. The factual basis for this contention, howev-

er, is not found in the record of proceedings below, but rather is found in a motion to amend the docketing statement filed when this case was assigned to the summary calendar but not acted on by this Court. When a case is assigned to a general calendar, the factual basis for the issues must be contained in the record of proceedings made below. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct.App.1978). Without a factual basis in the record, even a double-jeopardy claim must be rejected. *See State v. Wood*, 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct.App.1994).

### D. Consecutive Sentences

19. Defendant argues that the district court erred in ordering Defendant to serve his sentences consecutively. Defendant may raise this issue for the first time on appeal because he asserts that the sentencing was unauthorized by statute. *See Dominguez*, 115 N.M. at 456, 853 P.2d at 158. We review the trial court's sentencing for an abuse of discretion. *See State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct.App. 1981).

20. Defendant contends that the consecutive sentencing violates the public policy of Section 31–17–1 "to make whole the victim of the crime to the extent possible." *Lack*, 98 N.M. at 505, 650 P.2d at 27. Defendant argues that the length of his sentence will prohibit him from earning the money to compensate his victims. We believe that the district court took into consideration the argument now made by Defendant on appeal and did not abuse its discretion in imposing consecutive sentences. The district court was free to view Defendant's imprisonment as part of a comprehensive rehabilitative plan necessary to instill in him the wrongness of his actions. *See* § 31–17–1 (concerning victim restitution); NMSA 1978, §§ 31–18–13 (1993) (regarding sentencing authority), 31–18–15 (1994) (referring to basic sentences), 31–20–5 (1985) (pertaining to probation), 31–20–6 (concerning conditions of order deferring or suspending sentence). We thus hold that Defendant's consecutive sentencing does not violate the purpose of Section 31–17–1, but instead represents the discretionary authority of the district court to further Defendant's rehabilitation.

21. Defendant also argues that the Criminal Sentencing Act, NMSA 1978, §§ 31–18–12 to –26 (1977, as amended through 1996) does not authorize his consecutive sentences. Defendant contends that the district court improperly relied on common law to impose consecutive sentences. Section 31–18–15 provides authority for basic sentences of imprisonment. "Having adopted the rule of common law, [NMSA 1978, § 38–1–3 (1876)], that rule remains in effect until changed by the Legislature." *Deats v. State*, 84 N.M. 405, 407, 503 P.2d 1183, 1185 (Ct.App.1972). "In the absence of statute[,] at common law two or more sentences are to be served concurrently unless otherwise ordered by the Court." *Swope v. Cooksie*, 59 N.M. 429, 432, 285 P.2d 793, 794 (1955). "The trial court has discretion to require [consecutive sentences]." *State v. Mayberry*, 97 N.M. 760, 763, 643 P.2d 629, 632 (Ct.App.1982).

22. There is no applicable statute concerning consecutive or concurrent sentencing for the crimes of which Defendant was convicted. The district court thus properly relied on the common law. We hold that the district court did not abuse its discretion in ordering that Defendant's sentences be served consecutively.

### III. CONCLUSION

23. We conclude that Defendant's conditions of probation and his sentence of imprisonment were proper. We hold that the district court did not err in requiring Defendant to execute promissory notes with accrued interest and in ordering that Defendant's sentences be served consecutively. We also hold that Defendant's imprisonment did not violate double jeopardy on the record presented below and that Defendant did not preserve the issue concerning what Defendant describes as "ex parte" communications to the district court. We therefore affirm.

24. **IT IS SO ORDERED.**

PICKARD and BUSTAMANTE, JJ., concur.