This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                                                    **NO.  29,244**

**ANDREW MILLER,**

     Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**


Gary K. King, Attorney General
Santa Fe, NM

Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appealed his sentence of forty-two years of imprisonment for fraud, embezzlement, and forgery, arguing that the sentence violated his plea agreement, that the State violated his right to be free from double jeopardy, and that the district court erred in calculating the amount of restitution and pre-sentence confinement. Defendant's arguments as to the propriety of the forty-two year sentence were considered by this Court and then the New Mexico Supreme Court, which ordered that Defendant be re-sentenced and remanded to this Court for review of Defendant's other arguments. We conclude that there are insufficient facts in the record to consider whether Defendant's double jeopardy rights were violated and remand to the district court for development of this issue. Because Defendant's other arguments are either not preserved or inadequately developed for appeal, we decline to review them.

**BACKGROUND**

{2}     Since this is a memorandum opinion and the second from this Court pertaining to this case, we summarize the facts only briefly. *See State v. Miller*, 2012-NMCA-051, 278 P.3d 561, *cert. granted*, 2012-NMCERT-005, 294 P.3d 446 and *aff'd in part, rev'd in part*, *State v. Miller (Miller II)*, 2013-NMSC-048, 314 P.3d 655. The present matter pertains to two consolidated cases in which Defendant was indicted on sixty-six counts involving fraud, embezzlement, and forgery contrary to NMSA 1978, § 30-

42-1 to -6 (1980, as amended through 2009) (the Racketeering Act). *See Miller*, 2012-NMCA-051, ¶ 2. Pursuant to a plea agreement, all but six of the counts were dismissed. *Id.* ¶ 3.

{3}    After the plea agreement was accepted but before sentencing, Defendant moved to withdraw the plea. *Id.* ¶ 4. The district court denied the motion to withdraw the plea and sentenced Defendant to forty-two years of imprisonment followed by two years of parole and five years of probation. *Id.* ¶ 5. Defendant appealed, arguing that the district court erred in denying the motion to withdraw because the sentence was not in accordance with the plea agreement, among other arguments. *Id.* ¶ 8. This Court agreed, vacated the sentence, and remanded for withdrawal of the plea or resentencing. *Id.* ¶¶ 28, 31. We did not reach Defendant's other issues. *Id.* ¶¶ 30, 31.

{4}    On writ of certiorari, the Supreme Court reversed. *See Miller II*, 2013-NMSC-048, ¶ 1. Although it agreed that the sentence violated the plea agreement, the Supreme Court disagreed that Defendant should be permitted to withdraw the plea. It "reverse[d] the Court of Appeals' remand order that [gave] Defendant the option to either withdraw his guilty and no contest pleas or to be sentenced according to his understanding of the [plea agreement] terms if the State agrees." *Id.* ¶ 31. Instead, it ordered the district court to "inform Defendant that it will embody in the judgment and sentence the disposition provided for in the . . . plea agreement [as it was

interpreted by the Supreme Court]." *Id.* It remanded the matter to this Court for consideration of the remainder of Defendant's arguments on appeal. *Id.* ¶ 40. Additional facts are included as pertinent to our discussion of Defendant's arguments.

**DISCUSSION**

{5}    Defendant's remaining arguments are that (1) his double jeopardy rights were violated by the State's sale of seized vehicles before he entered a plea and (2) the district court erred in calculating restitution amounts and pre-sentence confinement credit. We address these arguments in the order presented.

**Double Jeopardy**

{6}    Defendant argues that the sale of one or more of his vehicles prior to sentencing precludes the State from imposing any further punishment on him and that his subsequent conviction therefore violated his right to be free from double jeopardy under the New Mexico Constitution. *See* N.M. Const. art. II, § 15. The legal basis of this argument is found in *State v. Nunez*, in which the Supreme Court held that "the New Mexico [d]ouble [j]eopardy [c]lause forbids bringing criminal charges and civil forfeiture petitions for the same crime in separate proceedings." 2000-NMSC-013, ¶ 117, 129 N.M. 63, 2 P.3d 264. We interpret Defendant's argument to be that (1) jeopardy attached upon the sale of the cars; and (2) because forfeiture of the cars was punitive, any further punishment constituted double jeopardy for the same conduct.

4

*See State v. Tijerino*, 2004-NMCA-039, ¶¶ 12, 135 N.M. 313, 87 P.3d 1095 (stating that jeopardy attached when "[t]he practical effect of [an] agreement [between the state and a secured party] and the . . . dismissal was that [d]efendants' property interest in the vehicle was altered once [the secured party] took possession."); *Nunez*, 2000-NMSC-013, ¶¶ 55-57, 61, 94, 104 (applying a three-pronged test to determine whether (1) the forfeiture action and criminal prosecution were conducted in the same proceedings, (2) "the conduct at issue consists of one or more than one offense[,]" and (3) "both proceedings impose punishment" and concluding that double jeopardy was violated where the forfeiture action was punitive and did not occur in the same proceeding as the criminal prosecution." *See State ex rel. Schwartz v. Kennedy*, 1995-NMSC-069, 120 N.M. 619, 904 P.2d 1044). Essentially, Defendant invites us to conduct a *Nunez*-like analysis of these factors as they apply to him.

{7} But Defendant has provided no factual basis for his legal arguments. Although Defendant agreed to forfeit "[a]ll vehicles purchased using money obtained using [the victim's] money[]" as well as real property and computers in the plea agreement, the record is silent as to what property was seized and when, whether any property was sold and when, and whether Defendant acquired the property with money fraudulently obtained. Defendant admits that "the record with respect to this issue may need to be further developed" and acknowledges that double jeopardy implications arise only

"*[i]f* the prosecutor did indeed subject [Defendant's] property to forfeiture prior to convicting [him]" (emphasis added). Although a double jeopardy claim may be raised for the first time on appeal, Defendant bore the burden of providing an adequate record for review. *See State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165 ("We place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court to . . . complete the remainder of the double jeopardy analysis."); *State v. Wood*, 1994-NMCA-060, ¶ 19, 117 N.M. 682, 875 P.2d 1113 ("Although . . . a double jeopardy defense can be raised at any time, either before or after judgment, a factual basis must appear in the record in order to support such claim."). Since the facts regarding the disposition of the cars are not in the record, any analysis of Defendant's legal arguments would be akin to an advisory opinion. We therefore decline to review this argument any further. *See Santa Fe S. Ry., Inc. v. Baucis Ltd. Liab. Co.*, 1998-NMCA-002, ¶ 24, 124 N.M. 430, 952 P.2d 31 ("Our concern with issuing advisory opinions stems from the waste of judicial resources used to resolve hypothetical situations which may or may not arise.").

**{8}** Defendant may, however, raise this issue and accompanying evidence in the district court on remand. In *State v. Antillon*, the defendant appealed his criminal conviction on the ground that the forfeiture of his truck prior to conviction violated

6

his double jeopardy rights. *See* 2000-NMSC-014, ¶¶ 4-5, 129 N.M. 114, 2 P.3d 315. His motion to perfect the record with the forfeiture complaint and forfeiture order was denied by the district court based on its conclusion that the appeal was untimely. *See id.* ¶ 8. On writ of certiorari from this Court, the Supreme Court declined to consider the double jeopardy argument because there were insufficient facts in the record. *See id.* ¶ 6. However, it remanded to the district court to permit the defendant to supplement the record, concluding that, because double jeopardy claims may be raised at any time, the district court erred in denying the defendant's motion to perfect. *See id.* ¶ 10; *see* NMSA 1978, § 30-1-10 (1963) ("The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment.").

{9} Here, the issue of which cars were forfeitable first arose at the plea hearing. The State agreed that a car Defendant owned prior to obtaining the victim's money would not be forfeited, and defense counsel agreed to provide documentation of ownership of that car to the State. There is no record of any further transaction regarding that vehicle. At the sentencing hearing on Defendant's motion to withdraw the plea three months later, Defendant argued that the State had sold the vehicles—including one that was not forfeitable. The district court denied the motion to withdraw the plea, but told Defendant that he would have to file a motion as to

7

disposition of the cars and that "certainly if a motion is filed [the district court would] entertain it." Defendant did so, but not until after the sentence had already been appealed to this Court and then remanded to the district court for findings of fact as to the calculation of the sentence.

{10} At the hearing on remand, Defendant argued that sale of his vehicles before he was sentenced violated his right to be free from double jeopardy and also that the funds from the sale of the cars was "not accounted for." The district court declined to consider these arguments, stating that "that's something you have to handle on a habeas or something." The motion is not in the record. We interpret Defendant's motion as an effort to introduce facts regarding the vehicles into the record and conclude that, like in *Antillon*, Defendant's efforts to raise his double jeopardy arguments before the district court were thwarted. "Because it is in the interest of justice to allow the parties to properly present their claims on appeal," Defendant may raise and seek to introduce evidence pertinent to this claim on remand. *Antillon*, 2000-NMSC-014, ¶ 12.

{11} Defendant also argues that "the record does not contain a complaint of forfeiture[] as required by [law], and the parties apparently did not follow the provisions of the Racketeering Act when they stipulated to forfeiture of [the property obtained using the victim's money]." *See* NMSA 1978, §§ 31-27-1 to -8 (2002) (the

8

Forfeiture Act) (stating that "[w]ithin thirty days of making a seizure, the state shall file a complaint of forfeiture"); § 31-27-5(A); §§ 30-42-1 to -6. Although he styles this failure as implicating double jeopardy principles, Defendant does not cite to any cases or make any argument as to how his right to be free from double jeopardy was violated by the State's failure to comply with the procedural requirements of the Forfeiture or Racketeering Acts. Furthermore, although we are troubled by the fact that there is no evidence of a complaint for forfeiture and no findings of forfeitability by the district court as required by the Forfeiture Act, *see Albin v. Bakas*, 2007-NMCA-076, ¶ 29, 141 N.M. 742, 160 P.3d 923 (holding that "when property is seized by state police officers for forfeiture, compliance with the Forfeiture Act is required"), Defendant's agreement to forfeit precludes this argument on appeal. Defendant negotiated the terms of the plea agreement—including forfeiture of real property, vehicles, and computers gained through or used in his fraudulent activities. In fact, Defendant stated that he accepted the stipulated forfeiture and signed a stipulated order to forfeit. In addition, he agreed that he would "give[] up all motions, defenses, objections, or requests which [he] has made or could make concerning the [c]ourt's entry of judgment against [him] if that judgment is consistent with [the plea] agreement." He "specifically waive[d] [his] right to appeal [a sentence consistent with the plea]." Having received the benefit of the bargain in the plea agreement,

Defendant cannot now argue that the forfeiture term is infirm. *See State v. Trujillo*, 1994-NMSC-066, ¶ 14, 117 N.M. 769, 877 P.2d 575 ("[B]oth parties to a plea bargain make various concessions and gain certain advantages during plea negotiations. Consequently, a criminal defendant, having availed himself of the advantages of a plea agreement, cannot welch on his part of the bargain." (internal quotation marks and citations omitted)); *State v. Santillanes*, 1982-NMCA-118, ¶ 14, 98 N.M. 448, 649 P.2d 516 ("Plea agreements, absent constitutional or statutory invalidity, are binding upon both parties, and [a] defendant may not accept parts of the agreement and reject others.").

{12}     We conclude that Defendant's double jeopardy argument is not reviewable because there are insufficient facts in the record, but that Defendant may raise and seek to introduce evidence on this issue on remand to the district court. We are unpersuaded that the State's alleged failure to comply with the procedures of the Forfeiture Act violates Defendant's double jeopardy rights or otherwise requires reversal because Defendant negotiated for and agreed to the terms of the plea agreement, including the forfeiture term.

**Restitution**

{13} Defendant argues that the district court improperly calculated the amount of restitution. The district court ordered restitution in the amount of $733,570. Defendant maintains that "[t]he restitution imposed in the judgment and sentence was [(1)] contrary to the amount testified to by the State's expert at sentencing[] and [(2)] failed to account for property disposed of by the district attorney." We review the order for restitution for an abuse of discretion. *See State v. Steele*, 1983-NMCA-078, ¶ 6, 100 N.M. 492, 672 P.2d 665 ("The restitution statute, NMSA 1978, § 31-17-1 [(2005)] . . . provides that restitution ordered should be in the amount defendant is "reasonably able" to pay; that denotes discretion to be exercised by the [district] court.").

{14} First, Defendant contends that the State's expert testified that the amount of restitution should have been $605,836.07 and that, therefore, the district court erred in ordering restitution of $733,570. Because Defendant did not raise this issue below, however, it is not preserved for appeal. "At time of sentencing, where restitution is ordered it is incumbent upon [a] defendant to specify whether he contests any amount of actual damages claimed by a victim and to advise the court whether he believes he will be able to make restitution." *State v. Lack*, 1982-NMCA-111, ¶ 14, 98 N.M. 500, 650 P.2d 22. The State presented testimony from detectives and a certified public

11

accountant and fraud examiner as to the amount of damages, among other evidence. Defendant did not cross-examine these witnesses, argue that their calculations were incorrect, or present testimony to the contrary. *See id.* ¶ 16 (stating that, "in [hearings on the amount of restitution] a defendant is free to cross-examine witnesses and contradict them with other evidence." (internal quotation marks and citation omitted)). On appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431.

{15}    Although Defendant did not contest the amount of restitution below, he did preserve his second contention, i.e., that the district court "failed to apply the proceeds of [his] forfeited property to the amount of restitution." Defendant argued in the sentencing hearing that his vehicles had been sold by the State before he was convicted and that their value was not applied to the restitution amount. The factual basis of this argument is the same as that underpinning Defendant's double jeopardy argument: whether the seized vehicles were sold. Like that issue, therefore, we are unable to review this contention on appeal. *See State v. Gutierrez*, 2012-NMCA-013, ¶ 33, 269 P.3d 905 ("[The d]efendant fails to cite to any facts in the record or other authority in support of this contention, and we decline to review [the d]efendant's undeveloped argument on appeal.").

**Pre-Sentence Confinement**

{16} Defendant argues that the district court erred in granting him pre-sentence confinement credit for the period between his arrest in this matter and his sentence in an unrelated case, rather than between his arrest and sentence in this matter. We understand Defendant's argument to be that "although [Defendant's] confinement after [he was sentenced in the unrelated case] was not related exclusively to the charges in this case, he should still receive pre-[sentence] confinement credit [for that period]" because he "may have been subject to a more severe level of confinement . . . due to the continuing hold on these charges than he would otherwise have been[.]" But Defendant points to no facts indicating that he was subject to differential treatment as a result of the charges in this matter and in fact acknowledges the speculative nature of his argument by stating that he "may" have been subject to a "more severe level of confinement" and that "both cases taken together *potentially* exposed him to a more severe level of confinement" (emphasis added). He cites the Department of Corrections' inmate risk assessment and central office classification policies but does not explain how the Department's policies relate specifically to his confinement. *See generally* New Mexico Corrections Department, Institutional Classification, Inmate Risk Assessment and Central Office Classification (revised 12/09/13) http://corrections.state.nm.us/policies/docs/CD-080100.pdf. "[T]his Court

13

has no duty to review an argument that is not adequately developed." *State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111.

**CONCLUSION**

{17}    We remand to the district court for re-sentencing consistent with the Supreme Court's decision in *Miller II*, 2013-NMSC-048, ¶ 38.  On remand, Defendant may raise and introduce evidence pertaining to whether his right to be free from double jeopardy was violated by sale of the seized vehicles.  We affirm the district court as to the restitution amount and credit for pre-sentence confinement.

{18}    **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**

14