This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 34,360**

**CARLOS B. LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew J. Sandoval, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant-Appellant Carlos Lucero (Defendant) appeals from his convictions

for CSCM. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a joint memorandum in opposition and motion to amend the docketing statement, together with a motion to supplement the record. After due consideration, we deny the motions, and affirm.

{2} We will begin our discussion with the issues originally raised in the docketing statement. Because we find nothing in the memorandum in opposition which could be said to renew the claim of ineffective assistance of counsel, that argument is deemed abandoned. *See generally State v. Billy M.*, 1987-NMCA-080, ¶ 2, 106 N.M. 123, 739 P.2d 992 (observing that an issue listed in the docketing statement but not addressed in the memorandum in opposition is deemed abandoned).

{3} Although Defendant does not explicitly renew his challenge to the sufficiency of the evidence, his lengthy recitation of the facts suggests that he may not intend to abandon this argument. We will therefore briefly address it. As we previously described in the notice of proposed summary disposition, [CN 2-3] the State presented testimony in support of all of the essential elements of both of the offenses at issue. In his memorandum in opposition Defendant does not dispute this. Instead, he focuses on perceived inconsistencies and omissions in the testimony of the State's various witnesses, as well as conflicting evidence that was presented, principally through his own testimony. [MIO 1-17] However, this evidence "does not provide a basis for

reversal[,] because the jury [was] free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (noting that "the jury was not obligated to believe Defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt Defendant's view"). We therefore uphold Defendant's convictions against his challenge to the sufficiency of the evidence.

{5}     We turn next to Defendant's motion to amend the docketing statement, by which Defendant seeks to raise two additional issues. [MIO 18-27] Such a motion may only be granted if it is timely, and if the issues are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91. For the reasons that follow, we conclude that these requirements have not been met.

{5}     First, Defendant contends that the compulsory joinder rule was violated when he was tried on the underlying charges after previously having been acquitted on a separate, but similar, charge. [MIO 18-25] Second and relatedly, Defendant claims that double jeopardy principles should have precluded the State from prosecuting him for one of the counts of CSCM in this case, given that the incident "may very well have described the same incident" at issue in the first trial. [MIO 25-27]

{6}     Defendant failed to raise either issue below. [MIO 18] Nevertheless, Defendant urges the Court to consider the merits of his arguments on grounds that the New

Mexico Supreme Court has previously raised compulsory joinder issues sua sponte, and on grounds that double jeopardy arguments may be raised at any time. [MIO 18] However, neither of the issues that Defendant seeks to raise can be evaluated without a careful consideration of the factual predicate associated with the CSCM charge for which he was previously acquitted, and the record before us does not provide sufficient information about that charge. "Without a factual basis in the record, even a double-jeopardy claim must be rejected." *State v. Jensen*, 1998-NMCA-034, ¶ 18, 124 N.M. 726, 955 P.2d 195; *see State v. Wood*, 1994-NMCA-060, ¶ 19, 117 N.M. 682, 875 P.2d 1113 (observing that although "a double jeopardy defense can be raised at any time, either before or after judgment, a factual basis must appear in the record in order to support such claim").

{7}     In apparent recognition of the foregoing, Defendant has moved this Court to supplement the record "with the [r]ecord [p]roper and [t]ranscripts from [Defendant's] related case," in order to allow fuller development of "the possibility of a double jeopardy argument as well as an argument under the joinder rule[.]" [Mot. 1] Alternatively, Defendants suggests that we take judicial notice of the district court's files in that case. [Mot. 2] We are disinclined to take such extraordinary measures to entertain speculation. *See, e.g., Wood* , 1994-NMCA-060, ¶ 19 (declining to consider a double jeopardy argument, after similarly denying a motion to supplement the record

to include prior criminal proceedings); *and see generally State v. Turner*, 1970-NMCA-054, ¶ 25, 81 N.M. 571, 469 P.2d 720 ("We take judicial notice of the records on file *in this court*." (emphasis added)). We therefore deny the motion to supplement, as well as the motion to amend.

{9}     In closing, we note that habeas proceedings appear to constitute the appropriate avenue for any further development of the arguments Defendant seeks to advance. *See State v. Graham,* 2003-NMCA-127, ¶ 8, 134 N.M. 613, 81 P.3d 556 (observing parenthetically that "when the record does not support the factual basis for a contention that may be raised for the first time on appeal, the preferred method of resolution of the issue is in habeas corpus proceedings"); *and see, e.g., Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683 (addressing a double jeopardy argument on review of habeas proceedings).

{9}     For the foregoing reasons, as well as the reasons stated in the notice of proposed summary disposition, Defendant's convictions are AFFIRMED.

{10}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**