This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37669**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**OMAR CASTILLO-FLORES
a/k/a OMAR FLORES-CASTILLO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, entered after a jury trial, by which Defendant was convicted for two counts of second-degree murder, three counts of kidnapping, one count of conspiracy to commit kidnapping, one count of tampering with evidence, and one count of conspiracy to commit tampering with evidence. The district court ran the three kidnapping sentences consecutive to one another, with the other counts running concurrently to the kidnapping sentences. The

sole issue on appeal is whether the district court imposed an illegal sentence by running Defendant's three kidnapping sentences consecutively. We affirm.

## DISCUSSION

**{2}** Defendant argues that "nothing in the Criminal Sentencing Act [(CSA)] expressly authorizes consecutive sentences for these crimes committed in a single criminal episode and adjudicated in a single case." Defendant's argument is based on the legal principle that a trial court's authority to impose a sentence is derived exclusively from statute, citing numerous cases expressing this proposition. *See, e.g.*, *Chadwick-McNally*, 2018-NMSC-018, ¶ 24, 414 P.3d 326; *State v. Wyman*, 2008-NMCA-113, ¶ 2, 144 N.M. 701, 191 P.3d 559. From this, Defendant concludes that his sentence was illegal because the CSA is silent with respect to authorizing multiple counts of kidnapping to be run consecutively in a single case. *See* CSA, NMSA 1978, §§ 31-18-12 to -26 (1977, as amended through 2020); *State v. Harris*, 1984-NMCA-003, ¶ 7, 101 N.M. 12, 677 P.2d 625 ("A sentence that is not authorized is an illegal sentence."). Because Defendant's arguments present an issue of statutory construction, we review this issue de novo. *State v. Barela*, 2021-NMSC-001, ¶ 5, 478 P.3d 875.

**{3}** We disagree with Defendant's contention that the Legislature has been silent on this issue. Defendant was convicted of three counts of kidnapping, crimes contained in the Criminal Code, in violation of NMSA 1978, § 30-4-1 (2003). The Criminal Code states: "In criminal cases where no provision of this [Criminal Code] is applicable, the common law, as recognized by the United States and the several states of the Union, shall govern." NMSA 1978, Section 30-1-3 (1963).

**{4}** Our Supreme Court has recognized that, in sentencing a defendant, "the common law [gives] trial courts the discretion to make sentences consecutive or concurrent." *State v. Crouch*, 1965-NMSC-131, ¶ 20, 75 N.M. 533, 407 P.2d 671; *State v. Allen*, 2000-NMSC-002, ¶ 91, 128 N.M. 482, 994 P.2d 728, (stating that the decision whether to run multiple sentences for multiple offenses concurrently or consecutively rests within the sound discretion of the trial court).

**{5}** Defendant argues that the CSA itself must, and does not, authorize his consecutive sentences. This legal challenge is identical to the one addressed in *State v. Jensen*, 1998-NMCA-034, ¶¶ 21-22, 124 N.M. 726, 955 P.2d 195, which this Court rejected on the following grounds. The Legislature has recognized common law rules apply where no provision of the Criminal Code is applicable and that NMSA 1978, Section 38-1-3 (1875-76) "remains in effect until changed by the Legislature." *Jensen*, 1998-NMCA-034, ¶ 21 (internal quotation marks and citation omitted). "[A]t common law[,] two or more sentences are to be served concurrently unless otherwise ordered by the Court[,]" thus, if a criminal statute is silent, it is within the district court's discretion to order a consecutive sentence. *Id.* (internal quotation marks and citation omitted). Based on these principles, the *Jensen* Court concluded that because there was no applicable statute regarding concurrent or consecutive sentences for the crimes of which the

defendant was convicted, the district court could order the defendant's sentences to run consecutively. *Id.* ¶ 22.

**{6}** Defendant claims that *Jensen* conflicts with cases that recognize the general rule that the sentencing authority of the district court is derived exclusively from statutes. However, we see no conflict because, as explained by *Jensen*, the Legislature has referred courts to the common law when there is no specific language addressing a sentencing issue. *Id.* ¶ 21. In other words, the Legislature has authorized courts to adopt the common law in cases such as the one here.

**{7}** Defendant also contends that the CSA, "specifically authorizes consecutive sentences only for certain crimes, such as escape from a penal institution." However, the Legislature did not specifically "authorize" consecutive sentences for the applicable crimes; instead, it took away any existing discretion of the district court to run that sentence concurrently to the defendant's underlying or remaining sentence. *See State v. Davis*, 2003-NMSC-022, ¶ 7, 134 N.M. 172, 74 P.3d 1064 ("Section 31-18-21(A) does not allow a sentencing judge any discretion regarding whether a sentence is to be served consecutively or concurrently.).

**{8}** Because Defendant's separation of powers argument is based on the false claim that the Legislature did not refer courts to the common law on this issue, and because we are not inclined to revisit *Jensen* and are bound by our existing Supreme Court precedent, we conclude that the district court did not impose an illegal sentence in this case. *See* § 30-1-3; § 38-1-3; *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47 (explaining that the Court of Appeals is bound by Supreme Court precedent).

**{9}    CONCLUSION**

**{10}**   We affirm.

**{11}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**